**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Wayne K. BROWN, Defendant-Appellant.**

**No. 81–1511X.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 1982.

Decided March 29, 1982.

As Amended Sept. 24, 1982.

---

* The Honorable Roy L. Stephenson assumed senior status on April 1, 1982.

** The Honorable William C. Hanson, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

Howard Hertz, Cooper, Hertz & Lyons, Berkeley, Cal., for defendant-appellant.

Robert D. Ward, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before TRASK, CHOY and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge:

Appellant Brown, a member of the Oakland police force, was convicted of the crime of obstruction of justice under 18 U.S.C. § 1503, for attempting to warn the target of a valid search warrant in order to prevent discovery and seizure of a quantity of heroin. The caption of § 1503 reads "Influencing or injuring officer, juror or witness generally." The statute has two parts. Brown was charged and convicted under the second, or so-called "omnibus" clause, for "corruptly ... endeavor[ing] to influence, obstruct, or impede, the due administration of justice ...." The sole question before this court is whether his conduct is within the ambit of § 1503.[1]

---

1. 18 U.S.C. § 1503 provides:

Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States or before any United States commissioner or other committing magistrate, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or other committing magistrate, in the discharge of his duty, or injures any party or witness in his person or property on account of his attending or having attended such court or examination before such officer, commissioner, or other committee magistrate, or on account of his testifying or hav-

ing testified to any matter pending therein, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, commissioner, or other committing magistrate in his person or property on account of the performance of his official duties, *or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice*, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

(emphasis added).

■ Brown argues that under the *ejusdem generis* principle of statutory construction, the coverage of the general language of the omnibus clause must be limited to conduct "similar in nature" to that specifically enumerated in the first clause, which refers expressly to acts of influencing, intimidating, impeding, or injuring. *See generally Haili v. United States*, 260 F.2d 744, 746 (9th Cir. 1958).

Appellant's contention that his conduct was not similar in nature to the "threatening" or "forcible" conduct enumerated in the initial clause of § 1503 is foreclosed by this court's recent decision in *United States v. Rasheed*, 663 F.2d 843 (9th Cir. 1981). In *Rasheed*, this court held that the proscription was not limited to impeding or threatening conduct, but extended to the destruction of documents subpoenaed by a grand jury. We find no material distinction between the "nature" of Brown's conduct in this case and the "nature" of the objectionable conduct in *Rasheed*. Each course of conduct results in the corrupt and improper suppression of evidence, "just as much as does the intimidation of a witness." *Id.* at 852. Other courts have held that conduct similar to Brown's is within the reach of § 1503. *See, e.g., United States v. Howard*, 569 F.2d 1331, 1336 (5th Cir.), *cert. denied*, 439 U.S. 834, 99 S.Ct. 116, 58 L.Ed.2d 130 (1978) (selling grand jury transcripts); *United States v. Partin*, 552 F.2d 621, 631 (5th Cir.), *cert. denied*, 434 U.S. 903, 98 S.Ct. 298, 54 L.Ed.2d 189 (1977) (attempt to suborn perjury); *United States v. Walasek*, 527 F.2d 676, 681 (3d Cir. 1975) (destruction of evidence).

■ Brown's second contention is that the omnibus clause, which refers to interference with the "due administration of justice," cannot be construed to proscribe conduct which takes place wholly outside the context of an ongoing judicial or quasi-judicial proceeding. We find this contention to be meritorious.

Brown correctly points out that interference with the execution of a search warrant in connection with a police investigation is distinguishable from interference with the production of documents subpoenaed in a grand jury proceeding for purposes of the obstruction of justice statute. No case interpreting § 1503 has extended it to conduct which was not aimed at interfering with a pending judicial proceeding. *See Rasheed, supra; United States v. Shoup*, 608 F.2d 950, 961 (3d Cir. 1979); *United States v. Simmons*, 591 F.2d 206, 208 (3d Cir. 1979). Courts have held that the obstruction of a government agency's investigation is insufficient to trigger § 1503. *Howard, supra*, 569 F.2d at 1336 n.9, 1337; *United States v. Fayer*, 573 F.2d 741, 745 (2d Cir.), *cert. denied*, 439 U.S. 831, 99 S.Ct. 108, 58 L.Ed.2d 125 (1978); *United States v. Metcalf*, 435 F.2d 754, 757 (9th Cir. 1970). As the Third Circuit has stated: "Section 1503 imposes criminal sanctions on anyone who 'corruptly ... influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede the due administration of justice.' Courts have interpreted this section as applying only to interference with a pending *judicial* proceeding." *Shoup, supra*, 608 F.2d at 959 (emphasis in original).[2]

It is also important to read § 1503 in the context of other statutes relating to the obstruction of justice. The obstruction which Brown attempted here is similar to the obstruction punishable under 18 U.S.C. § 2232.[3] *See, e.g., United States v. Todaro*, 550 F.2d 1300, 1303 (2d Cir.), *cert. denied*, 433 U.S. 909, 97 S.Ct. 2975, 53 L.Ed.2d 1093 (1977). Brown's conduct is unlike that in any other reported case where a conviction under § 1503 has resulted.

Reversed.

---

2. *Citing Pettibone v. United States*, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419 (1893); *United States v. Simmons*, 591 F.2d 206 (3d Cir. 1979); *United States v. Walasek*, 527 F.2d 676 (3d Cir. 1976); *United States v. Ryan*, 455 F.2d 728 (9th Cir. 1972).

3. 18 U.S.C. § 2232 provides:

Whoever, before, during, or after seizure of any property by any person authorized to make searches and seizures, in order to prevent the seizure or securing of any goods, wares, or merchandise by such person, staves, breaks, throws overboard, destroys, or removes the same, shall be fined not more than $2,000 or imprisoned not more than one year, or both.