# In re Rafael ESPINOZA-Gonzalez, Respondent

## File A91 893 414 - Eloy

*Decided June 11, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A conviction for misprision of a felony under 18 U.S.C. § 4 (1994) does not constitute a conviction for an aggravated felony under section 101(a)(43)(S) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(S) (Supp. II 1996), as an offense relating to obstruction of justice. *Matter of Batista-Hernandez*, 21 I&N Dec. 955 (BIA 1997), distinguished.

Pro se

Daniel J. Santander, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEIL-MAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, MATHON, GUENDELS-BERGER, JONES, GRANT, SCIALABBA, and MOSCATO, Board Members. Concurring and Dissenting Opinion: ROSENBERG, Board Member.

GRANT, Board Member:

The Immigration and Naturalization Service appeals a decision of an Immigration Judge dated December 30, 1997, terminating proceedings upon a finding that the Service failed to establish that the respondent is removable as an aggravated felon. The Service's appeal will be dismissed.

## I. ISSUE ON APPEAL

The issue in this case is whether the crime of which the respondent was convicted, misprision of a felony (conspiracy to possess marijuana with intent to distribute) in violation of 18 U.S.C. § 4 (1994), and for which he was sentenced to imprisonment for a year and 1 day, constitutes an offense relating to obstruction of justice under section 101(a)(43)(S)

of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(S) (Supp. II 1996).[1]

## II. FACTS

The respondent is a 41-year-old native and citizen of Mexico who first entered the United States on October 7, 1988. The respondent became a lawful permanent resident on December 1, 1990. On July 28, 1997, the respondent was convicted of the offense of misprision of a felony, in violation of 18 U.S.C. § 4. The respondent was placed in removal proceedings on November 24, 1997, and was charged with removability as an alien convicted of an aggravated felony under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (Supp. II 1996).

## III. PRELIMINARY MATTER

This Board has been notified by the Service that the respondent has departed the United States. We do not know, however, whether that departure is intended to be temporary or permanent. We held in a recent precedent decision that an alien's departure from the United States does not serve as a constructive withdrawal of an appeal filed by the Service. *Matter of Luis*, 22 I&N Dec. 3395, at 8 (BIA 1999). Furthermore, we decided that the Board has, as a matter of prudence, reserved the discretion to dismiss appeals and deny motions as moot. *Id.* at 9. We find, as we did in *Matter of Luis*, that the instant case is not moot because a resolution of the Service's appeal that is adverse to the respondent would have significant legal consequences were the respondent to seek admission to the United States in the future. Furthermore, because the respondent is a lawful permanent resident, the question whether he is entitled to retain that status is not mooted by his mere departure from this country.

## IV. ANALYSIS

### A. Relevant Authority

Pursuant to 18 U.S.C. § 4, misprision of a felony is defined as follows:

---

[1]Section 101(a)(43)(S) of the Act provides that "an offense relating to obstruction of justice, perjury or subornation of perjury, or bribery of a witness, for which the term of imprisonment is at least one year" is an aggravated felony.

"Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than 3 years, or both." Elements of the crime of misprision of a felony are that the principal committed and completed the felony alleged and that the defendant had full knowledge of that fact, failed to notify the authorities, and took an affirmative step to conceal the crime. *United States v. Ciambrone*, 750 F.2d 1416, 1417 (9th Cir. 1985).

The United States Code does not define the term "obstruction of justice" or "obstructing justice." Instead, chapter 73 of title 18 lists a series of offenses collectively entitled "Obstruction of Justice." 18 U.S.C. §§ 1501-1518 (1994 & Supp. II 1996). Misprision of a felony is not among the crimes listed in this chapter, which does include offenses such as perjury, bribery, interference in investigation of financial transactions, jury tampering, and threatening or intimidation of witnesses.[2] Obstructing justice is defined elsewhere as "[i]mpeding or obstructing those who seek justice in a court, or those who have duties or powers of administering justice therein. The act by which one or more persons attempt to prevent, or do prevent, the execution of lawful process." *Blacks Law Dictionary* 1077 (6th ed. 1990).

In a related case, *Matter of Batista-Hernandez*, 21 I&N Dec. 955 (BIA 1997), we held that a conviction under 18 U.S.C. § 3 (1994) (accessory after the fact) constitutes a conviction for an aggravated felony under section 101(a)(43)(S) of the Act. We determined that 18 U.S.C. § 3 clearly "relates to obstruction of justice" because it criminalizes actions knowingly taken to "'hinder or prevent [another's] apprehension, trial or punishment.'" *Id.* at 10 (quoting 18 U.S.C. § 3). We relied in part on a decision holding that the nature of being an accessory after the fact lies essentially in obstructing justice and preventing the arrest of the offender. *United States v. Barlow*, 470 F.2d 1245, 1252-53 (D.C. Cir. 1972).

## B. Arguments on Appeal

---

[2]The Obstruction of Justice offenses in chapter 73 are titled as follows: Assault on process server (§ 1501); Resistance to extradition agent (§ 1502); Influencing or injuring officer or juror generally (§ 1503); Influencing juror by writing (§ 1504); Obstruction of proceedings before departments, agencies, and committees (§ 1505); Theft or alteration of record or process; false bail (§ 1506); Picketing or parading (§ 1507); Recording, listening to, or observing proceedings of grand or petit juries while deliberating or voting (§ 1508); Obstruction of court orders (§ 1509); Obstruction of criminal investigations (§ 1510); Obstruction of State or local law enforcement (§ 1511); Tampering with a witness, victim, or an informant (§ 1512); Retaliating against a witness, victim, or an informant (§ 1513); Civil action to restrain harassment of a victim or witness (§ 1514); Obstruction of Federal audit (§ 1516); Obstructing examination of financial institution (§ 1517); Obstruction of criminal investigations of health care offenses (§ 1518).

In his decision, the Immigration Judge noted the above authority and concluded that nothing in the offense of misprision of a felony rises to the level of obstruction of justice. He found that the statutory language defining the offense of accessory after the fact is directly related to obstruction of justice, but that the language defining misprision of a felony is not.

In its brief, the Service argues that the offense does not have to fall within the definition of obstruction of justice as outlined in 18 U.S.C. §§ 1501-1518 because the wording of section 101(a)(43)(S) of the Act only requires that the offense "relate to" obstruction of justice. The Service argues that the phrase should be broadly construed because Congress has expanded the definition of what constitutes an aggravated felony, other sections of the aggravated felony definition refer to offenses "described in" or "defined in" various sections of the code, and the term "related to" has been broadly construed in the controlled substance violation context.

### C. Discussion

We find that the elements of the offense of misprision of a felony do not constitute the crime of obstruction of justice as that term is defined in the United States Code. In general, the obstruction of justice offenses listed in 18 U.S.C. §§ 1501-1518 have as an element interference with the proceedings of a tribunal or require an intent to harm or retaliate against others who cooperate in the process of justice or might otherwise so cooperate. The intent of the two broadest provisions, § 1503 (prohibiting persons from influencing or injuring an officer or juror generally) and § 1510 (prohibiting obstruction of criminal investigations), is to protect individuals assisting in a federal investigation or judicial proceeding and to prevent a miscarriage of justice in any case pending in a federal court. *United States v. Cuesta*, 597 F.2d 903, 918 (5th Cir.), *cert. denied*, 444 U.S. 964 (1979); *United States v. Metcalf*, 435 F.2d 754, 756 (9th Cir. 1970).

For example, § 1503 contains a catchall phrase prohibiting a person who "corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct or impede, the due administration of justice." 18 U.S.C. § 1503. The Supreme Court has construed this catchall phrase narrowly. According to the court:

> The action taken by the accused must be with an intent to influence judicial or grand jury proceedings; it is not enough that there be an intent to influence some ancillary proceeding, such as an investigation independent of the Court's or grand jury's authority . . . . In other words, the endeavor must have the "'natural and probable effect'" of interfering with the due administration of justice . . . . [I]f the defendant lacks knowledge that his actions are likely to affect the judicial proceeding, he lacks the requisite intent to obstruct.

*United States v. Aguilar*, 515 U.S. 593, 598-99 (1995) (holding that a judge's

utterance of false statements to the Federal Bureau of Investigation regarding a wiretap was not an endeavor to obstruct the due administration of justice, absent evidence that the judge knew the statements would be provided to a grand jury) (quoting *United States v. Wood*, 6 F.3d 692, 695 (10th Cir. 1993))). The elements of the remaining offenses likewise involve an active attempt with specific intent to interfere with the process of justice.[3]

The offense of misprision of a felony, by contrast, does not require as an element either active interference with proceedings of a tribunal or investigation, or action or threat of action against those who would cooperate in the process of justice. A conviction for misprision of a felony does not require proof that the defendant acted with a motive, or even knowledge, of the existence of the work of an investigation or tribunal. Moreover, it is not necessary to prove that the defendant had any contact with, was influenced by, or acted with any motive toward the participants in the underlying crime. We recognize, however, that there may be convictions for misprision of a felony with factual scenarios where the concealment element did involve an investigation or tribunal. *See, e.g., United States v. Hodges,* 566 F.2d 674, 675 (9th Cir. 1977) (holding that the concealment element was satisfied where an untruthful statement was given to the authorities). However, our inquiry is limited to the elements of the crime as provided in the statute and relevant case law. We find that the elements of misprision of a felony are too attenuated from the elements of the crimes of obstruction of justice to fall within the ambit of section 101(a)(43)(S) of the Act.

We are aware that at least one court has stated that "many crimes, including Contempt and Misprision of Felony, are offenses which by their very nature obstruct justice." *United States v. Cefalu*, 85 F.3d 964, 968 (2d Cir. 1996). In designating the relevant crimes as aggravated felonies, however, Congress used the phrase, "an offense relating to obstruction of justice, perjury or subornation of perjury, or bribery of a witness." Section 101(a)(43)(S) of the Act. Congress did not adopt a generic descriptive phrase such as "obstructing justice" or "obstruct justice," but chose instead a term of art utilized in the United States Code to designate a specific list of crimes. It employed that term in conjunction with other crimes (e.g., perjury and bribery) that also are clearly associated with the affirmative obstruction of a proceeding or investigation. We do not believe that every offense that, by its nature, would tend to "obstruct justice" is an offense that should properly be classified as "obstruction of justice." The United States Code delin-

---

[3]For example, a conviction under § 1505, obstruction of proceedings before departments, agencies, and committees, requires that three elements be present: there must be a proceeding pending before a department or agency of the United States, the defendant must be aware of the pending proceedings, and the defendant must have intentionally endeavored corruptly to influence, obstruct, or impede the pending proceedings. 18 U.S.C. § 1505; *United States v. Price*, 951 F.2d 1028, 1031 (9th Cir. 1991).

eates a circumscribed set of offenses that constitute "obstruction of justice," and although misprision of a felony bears some resemblance to these offenses, it lacks the critical element of an affirmative and intentional attempt, motivated by a specific intent, to interfere with the process of justice. As noted above, where the obstruction of justice offenses are broadly stated, courts have interpreted them narrowly. *United States v. Aguilar, supra*, at 598-99. To include all offenses that have a tendency to, or by their nature do, obstruct justice would cast the net too widely.[4]

We note further that obstruction of justice and misprision of a felony are treated as distinct offenses under federal law, not as interchangeable terms. *See, e.g., Castaneda de Esper v. INS,* 557 F.2d 79, 83 (6th Cir. 1977) (citing *United States v. Dye*, 508 F.2d 1226 (6th Cir. 1974) (holding that an indictment which charged accessory after the fact and misprision of a felony was not duplicitous because the proof necessary for conviction of each of the charges is not the same), *cert. denied*, 420 U.S. 974 (1975)). For instance, the United States Sentencing Guidelines for obstruction of justice offenses do not include misprision of a felony. *See* U.S.S.G. §§ 2J1.2, 2X4.1; 18 U.S.C.A. ch. 2, §§ 2J1.2, 2X4.1 (West 1996). Misprision of a felony also is not included in the chapter entitled "Offenses Involving the Administration of Justice." U.S.S.G., ch. 2, pt. J.

Our conclusions are not altered by focusing, as the Service urges us to do, on the term "relating to" in section 101(a)(43)(S) of the Act. We believe that our primary task in construing this provision is to identify the contours of those offenses that constitute "obstruction of justice." Only then can we determine whether the respondent's conviction "relates to" such an offense. In this regard, we agree with the Immigration Judge's analysis distinguishing our decision in *Matter of Batista-Hernandez, supra*, which found that the crime of accessory after the fact falls within an offense relating to obstruction of justice. The definition of the federal crime of accessory after the fact in 18 U.S.C. § 3 requires an affirmative action knowingly undertaken "in order to hinder or prevent [another's] apprehension, trial or punishment." Although misprision of a felony has as an element the affirmative concealment of the felony, there is, unlike § 3, nothing in § 4 that references the specific purpose for which the concealment must be undertaken. The specific purpose of hindering the process of justice brings the federal "accessory after the fact" crime within the general ambit of offenses

---

[4]We recognize that in section 101(a)(43)(S) of the Act, Congress did not specifically tie "obstruction of justice" to those crimes that fall under that heading in title 18 of the United States Code. However, we believe the classification in title 18 provides substantial guidance, consistent with judicial pronouncements on the subject, as to the contours of the "obstruction of justice" category of offenses. Although we do not purport here to decide the full scope of section 101(a)(43)(S), specifically with regard to state offenses that may be classified as obstruction of justice crimes, we are persuaded that offenses under 18 U.S.C. § 4 fall outside that scope.

that fall under the "obstruction of justice" designation.

Furthermore, concealment of a crime is qualitatively different from an affirmative action to hinder or prevent another's apprehension, trial**,** or punishment. It is a lesser offense to conceal a crime where there is no investigation or proceeding, or even an intent to hinder the process of justice, and where the defendant need not be involved in the commission of the crime. Further, accessory after the fact has been defined as obstructing justice. *United States v. Barlow, supra*, at 1252-53. Although the crime of accessory after the fact is placed before misprision of a felony in the same section in the sentencing guidelines, *see* U.S.S.G. § 2X3.1, 18 U.S.C.A. ch. 2, § 2X3.1 (West 1996), and is also not included in Part J, it is specifically cross-referenced in both the obstruction of justice, perjury or subornation of perjury, and bribery of witness sections. *See* U.S.S.G. §§ 2J1.2, 2J1.3, 18 U.S.C.A. ch. 2, §§ 2J1.2, 2J1.3 (West 1996).

The Service's argument that the "relating to" language in section 101(a)(43)(S) of the Act should be given broad effect does not alter our conclusion. The Service cites to decisions interpreting former section 241(a)(11) of the Act, 8 U.S.C. § 1251(a)(11) (1994), which provided for the deportability of aliens who have been "convicted of a violation of, or a conspiracy to violate, any law relating to a controlled substance." *See, e.g., Matter of Beltran*, 20 I&N Dec. 521, 525-26 (BIA 1992); *Matter of Bronsztejn*, 15 I&N Dec. 281, 283 (BIA 1974), *aff'd*, 526 F.2d 1290 (2d Cir. 1975). *See generally Morales v. Trans World Airlines*, 504 U.S. 374, 383 (1992) (stating that the ordinary meaning of the words "relating to" is a broad one); *Aloha Islandair v. Tseu*, 128 F.3d 1301, 1302 (9th Cir. 1997) (construing the phrase "relating to" to mean "has a connection with or reference to" but stating that the connection cannot be too "tenuous, remote, or peripheral").

In each of our prior decisions interpreting the phrase "relating to," we were interpreting whether the offense in question was related to the underlying offense. Here we are interpreting the nature of the underlying offense itself. In *Matter of Beltran, supra*, we considered whether former section 241(a)(11) of the Act, which provided for the deportability of aliens who have been "convicted of a violation of, or a conspiracy to violate, any law relating to a controlled substance," included a conviction for solicitation to commit a crime involving a controlled substance. *Id.* at 526 (holding that solicitation does "relat[e] to" the underlying offense).[5] We have also considered whether section 241(a)(11) of the Act encompassed other inchoate

---

[5]The United States Court of Appeals for the Ninth Circuit, in *Coronado-Durazo v. INS,* 123 F.3d 1322 (9th Cir. 1997), declined to follow our holding in *Beltran*. It held instead that an Arizona conviction for solicitation to possess cocaine was not a conviction relating to a controlled substance for purposes of section 241(a)(2)(B)(i) of the Act, 8 U.S.C. § 1251(a)(2)(B)(i) (Supp. II 1990).

or preparatory crimes of attempt, conspiracy, and facilitation when the underlying substantive crime involves a drug offense. *See Matter of Del Risco*, 20 I&N Dec. 109 (BIA 1989) (facilitation); *Matter of Bronsztejn, supra* (attempt); *Matter of N-,* 6 I&N Dec. 557 (BIA, A.G. 1955) (conspiracy); *cf. Matter of Batista-Hernandez, supra* (holding that accessory after the fact is not sufficiently related to a controlled substance violation under section 241(a)(2)(B)(i) of the Act); *Matter of Velasco*, 16 I&N Dec. 281 (BIA 1977) (finding that misprision of a felony (possession of marihuana with intent to distribute) is not a crime relating to the illicit possession of or trafficking in narcotic drugs or marihuana and following *Castaneda de Esper v. INS, supra*). In *Castaneda de Esper*, the court noted that misprision of a felony has long been separate and distinct from the felony concealed.

Our decisions holding that inchoate crimes, such as attempt and solicitation, "relate to" controlled substance offenses are of limited value with respect to our judgment in this case. In those cases, there was no question whether the underlying offense or conduct involved a controlled substance.[6] Rather, the issue was whether the specific conviction was "so closely related to the underlying offense . . . that it [could not] be considered separate or distinct from that crime." *Matter of Beltran, supra*, at 528; *see also Londono-Gomez v. INS*, 699 F.2d 475, 476 (9th Cir. 1983) (holding that aiding and abetting does not define a separate and distinct offense from that set forth in section 241(a)(11) of the Act); *Castaneda de Esper v. INS, supra; Matter of Batista-Hernandez, supra*. This is the inquiry we must undertake in determining whether a conviction for misprision of a felony relates to obstruction of justice. We conclude that it does not, precisely because misprision is considered separate and distinct from the crimes categorized as "obstruction of justice." It is so considered because it lacks the critical element of an affirmative and intentional attempt, motivated by a specific intent, to interfere with the process of justice. The broad coverage we have given the phrase "relating to" does not lead us in this case to "relate" the crime of misprision of a felony to obstruction of justice, thereby imparting to the first offense an element of culpability that is present only in the latter.

## V. CONCLUSION

---

[6]*See also Johnson v. INS*, 971 F.2d 340, 342 (9th Cir. 1992) (holding that a conviction for traveling in interstate commerce with the intention of distributing proceeds derived from the unlawful distribution of narcotics and substances under 18 U.S.C. § 1952 (1988) falls within the proscription set forth in section 241(a)(11) of the Act). In *Johnson*, the court distinguished *Castaneda de Esper v. INS, supra*, stating that the offense at issue in that case did not pertain to or mention a controlled substance, whereas the offense of which the defendant was convicted clearly pertained to a controlled substance.

In sum, we find the respondent's conviction for misprision of a felony does not meet the definition of an aggravated felony pursuant to section 101(a)(43)(S) of the Act. Accordingly, the Service's appeal is dismissed.

**ORDER:** The appeal of the Immigration and Naturalization Service is dismissed.

*CONCURRING AND DISSENTING OPINION:* Lory Diana Rosenberg, Board Member

I respectfully concur in part and dissent in part.

I agree with the majority's holding that a conviction for misprision of a felony does not constitute a conviction for an offense "relating to obstruction of justice," within the meaning of section 101(a)(43)(S) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(S) (Supp. II 1996). I also agree that "the elements of the offense of misprision of a felony do not constitute the crime of obstruction of justice as that term is defined in the United States Code." *Matter of Espinoza*, 22 I&N Dec. 3402, at 5 (BIA 1999) (citing 18 U.S.C. §§ 1501-1518 (1994)). I concur with the majority's reasoning that §§ 1501-1518 set the federal standard against which we must evaluate any conviction alleged to constitute "obstruction of justice" under section 101(a)(43)(S) of the Act. Specifically, although Congress did not expressly mandate that "obstruction of justice," as used in section 101(a)(43)(S) of the Act, must be interpreted in accordance with the United States Code,

> Congress did not adopt a generic descriptive phrase such as "obstructing justice" or "obstruct justice," but chose instead a term of art utilized in the United States Code to designate a specific list of crimes. It employed that term in conjunction with other crimes (e.g., perjury and bribery) that also are clearly associated with the affirmative obstruction of a proceeding or investigation.

*Matter of Espinoza, supra*, at 6-7; *see also Matter of Batista-Hernandez*, 21 I&N Dec. 955 (BIA 1997) (Rosenberg, concurring and dissenting) (noting that the term "obstruction of justice" is a term of art used in the federal statute to refer to a series of specific offenses); 18 U.S.C. §§ 1501-1518.

I write separately to clarify my understanding of the Board's actual holding today, which ostensibly construes section 101(a)(43)(S) of the Act in relation to a conviction for misprision of a felony, and that part of the majority's opinion that seeks to distinguish the crime of accessory after the fact from that of misprision of a felony, in justification of the Board's prior holding in *Matter of Batista-Hernandez, supra*.[1]  In my

view, the crime of accessory after the fact is not necessarily an offense "relating to obstruction of justice," and the Board's prior decision in *Matter of Batista-Hernandez, supra,* should be deemed superseded or overruled.

## I. MISPRISION OF A FELONY AND OBSTRUCTION OF JUSTICE

As the majority states quite clearly, the crime of misprision does not constitute obstruction of justice because the elements of misprision require only the defendant's knowledge that a felony was committed, his failure to notify authorities, and his affirmative action to conceal the crime. The majority emphasizes that the conduct covered in statutory sections pertaining to "obstruction of justice" under title 18 is more narrowly tailored to relate to interference in proceedings "such as perjury, bribery, interference in investigation of financial transactions, jury tampering, and threatening or intimidation of witnesses." *Matter of Espinoza, supra,* at 3. I agree.

I concur with the majority that a common feature of each section of the offenses denominated as "Obstruction of Justice" at 18 U.S.C. §§ 1501-1518 is the element of "interference with the proceedings of a tribunal or . . . an intent to harm or retaliate against others who cooperate in the process of justice." *Id.* at 5. The majority acknowledges that the two broadest sections, §§ 1503 and 1510, prohibit influencing or injuring an officer or juror, or obstructing a criminal investigation. As the majority recognizes, "The elements of the remaining offenses likewise involve an active attempt with specific intent to interfere with the process of justice." *Id.* at 5-6; *see also, e.g.,* 18 U.S.C. § 1505 (requiring that a defendant must be aware of pending proceedings and intentionally act corruptly to influence or impede them).

Section 1503 of title 18 was construed narrowly by the Supreme Court in *United States v. Aguilar*, 515 U.S. 593, 598 (1995) (finding the "Omnibus Clause" of § 1503 to provide a "catchall, prohibiting persons from endeavoring to influence, obstruct, or impede the due administration of justice" that required a narrow interpretation). The Court reiterated that "'a person is not sufficiently charged with obstructing or impeding the due administration of justice in a court unless it appears that he knew or had notice that *justice was being administered in such court*,'" and that "'a person lacking knowledge of *a pending proceeding* necessarily lacked the evil intent to obstruct.'" *Id.* at 599 (quoting *Pettibone v. United States*, 148 U.S. 197,

---

[1]In addition, but for the fact that we decide in the respondent's favor, I would ordinarily be troubled that we are designating as a precedent decision a case in which the respondent is unrepresented, as this case presents a question of statutory construction that is virtually of first impression.

206-07 (1893)) (emphasis added). The Court stressed that "[r]ecent decisions of Courts of Appeals have likewise tended to place metes and bounds on the very broad language of the catchall provision." *Id.* at 599 (citing, e.g., *United States v. Brown*, 688 F.2d 596, 598 (9th Cir. 1982), which held that interference with the due administration of justice cannot be extended to conduct that takes place wholly outside the context of a judicial or quasi-judicial proceeding). The Court concluded that "[w]e do not believe that uttering false statements to an investigating agent—and that seems to be all that was proved here—who might or might not testify before a grand jury is sufficient to make out a violation of the catchall provision of § 1503." *Id.* at 600.

Notably, the terms of section 101(a)(43)(S) of the Act refer not only to obstruction of justice, but also to crimes relating to "perjury or subornation of perjury, or bribery of a witness." Like the offenses articulated in the United States Code relating to obstruction of justice, the offenses of perjury, subornation of perjury, or bribery of a witness refer to criminal acts committed in connection with a formal proceeding or an actual trial. The inclusion of the phrase "obstruction of justice" in this string of crimes should be read consistently with the scope of the other specific forms of criminal conduct included as convictions that constitute an aggravated felony if a sentence of more than 1 year is imposed. *See K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 291 (1988) (citing *Bethesda Hospital Ass'n v. Bowen*, 485 U.S. 399, 403-05 (1988) (instructing that in interpreting a particular provision, the language and design of the statute should be read as a whole)).

Congress reenacted section 101(a)(43)(S) of the Act in 1996, following the Supreme Court's 1995 decision in *United States v. Aguilar, supra*, and continued to use the term "obstruction of justice" to refer to a category of offenses that, like perjury and bribery, would constitute an aggravated felony if a sentence of 1 year or more was imposed. Congress is deemed to be aware not only of prior interpretations of a statute, but also of pre-existing case law when it acts. *Lorillard v. Pons*, 434 U.S. 575, 580 (1978) (stating that "Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change" and citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 414 n.8 (1975); *NLRB v. Gullett Gin Co.,* 340 U.S. 361, 366 (1951); *National Lead Co. v. United States,* 252 U.S. 140, 147 (1920); *Scheidemann v. INS*, 83 F.3d 1517, 1526 (3d Cir. 1996); 2A C. Sands, *Sutherland on Statutory Construction* § 49.09 (4th ed. 1973), and cases cited therein). Consequently, I read the reenactment of section 101(a)(43)(S) of the Act, without modification as to the substantive offenses covered, to reflect Congress' awareness of the narrow construction of "obstruction of justice" offenses allowed by the Supreme Court.

The Supreme Court's narrow construction of "obstruction of justice" is consistent with its mandate that we construe criminal convictions in favor of

the alien because of the dire consequences of deportation, which has never been overruled or superseded. *Fong Haw Tan v. Phelan*, 333 U.S. 6, 10 (1948). In light of the aforecited authorities, the Board's unexplained interpretation of "obstruction of justice" as used in section 101(a)(43)(S) of the Act in *Matter of Batista-Hernandez, supra*, does not constitute a permissible interpretation of the statute and is unreasonable. *Cf. Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842-43 (1984); *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mutual Auto. Ins. Co.,* 463 U.S. 29, 30 (1983) (holding that the agency must generate a "reasoned analysis" and "articulate a satisfactory explanation for its action"). The majority's efforts to differentiate the offense of accessory after the fact and the offense of misprision of a felony, as though the former constitutes obstruction of justice and the latter does not, are not only unnecessary in order for us to reach a decision in this case, but also are unpersuasive.

## II. ACCESSORY AFTER THE FACT AND OBSTRUCTION OF JUSTICE

The crime of "accessory after the fact" codified at 18 U.S.C. § 3 (1994) provides that "[w]hoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact." The elements necessary to sustain a conviction under 18 U.S.C. § 3 for the crime of accessory after the fact include: the principal's commission of a felony offense, the defendant's knowledge of that act, the defendant's extension of some form of relief or assistance, which was accorded for one of a variety of purposes, including to hinder or prevent the offender's apprehension, trial, or punishment.[2]

In *United States v. Aguilar, supra,* the Supreme Court made clear that to constitute obstruction of justice, there must be evidence that the defendant acted with knowledge that a designated proceeding was pending. As majority recognizes, "'The action taken by the accused must be with an intent to influence judicial or grand jury proceedings; it is not enough that

---

[2]*See also Government of Virgin Islands v. Aquino*, 378 F.2d 540, 553 n.20 (3d Cir. 1967) (stating that "'[a]n accessory after the fact is one who, knowing a felony to have been committed, harbors the felon, or renders him any other assistance to elude punishment.' 1 Bishop, New Commentaries on the Criminal Law (8th ed. 1892) § 692." The court further emphasized that "'generally, any assistance whatever given to a felon . . . makes the assistor an accessory (after the fact). As furnishing him with a horse to escape his pursuers, money or victuals to support him, a house or other shelter to conceal him, or open force and violence to rescue or protect him.'" *Id.* at 553 n.21 (quoting IV William Blackstone, *Commentaries*, *37-38)

there be an intent to influence some ancillary proceeding . . . .'" *Matter of Espinoza, supra*, at 5 (quoting *United States v. Aguilar, supra*, at 598); *see also Haili v. United States,* 260 F.2d 744, 746 (9th Cir. 1958) (holding that the statute penalizes conduct designed to interfere with the process of arriving at an appropriate judgment in a pending case and which would disturb the ordinary and proper functions of the court).

In other words, to commit an offense that amounts to obstruction of justice, it is not enough that one who conceals or harbors or gives comfort to the principal perpetrator does so with the intent of protecting him from apprehension. What is critical is whether  the criminal act is performed by the defendant with knowledge that his conduct will affect certain ongoing proceedings and have the natural and probable effect of interfering with the due administration of justice. *United States v. Aguilar, supra*, at 598-99. A conviction for accessory after the fact, like a conviction for misprision does not require a showing that any proceedings are pending or that the defendant was aware of such pending proceedings and acted to frustrate them. *Id.* Rather, a conviction for accessory after the fact can be sustained on a showing that the defendant concealed the crime, or sheltered the principal offender, or impeded the offender's apprehension.

Thus, contrary to the majority opinion, a conviction for accessory after the fact does not necessarily require evidence that the conduct on which the conviction is founded effected "the due administration of justice," discussed in *United States v. Aguilar, supra*, at 598-99, i.e., a formal proceeding or actual trial. First, *United States v. Barlow*, 470 F.2d 1245 (D.C. Cir. 1972), cited by the majority, says little more than that "[t]he gist of being an accessory after the fact lies essentially in *obstructing justice* by rendering assistance to hinder or prevent the arrest of the offender after he has committed the crime." *Id.* at 1252-53 (emphasis added). The *Barlow* court's reference to obstruction of justice is as generic as the United States Court of Appeals for the Second Circuit's reference to obstruction of justice made 20 years later in *United States v. Cefalu*, 85 F.3d 964, 968 (2d Cir. 1996), which the majority distinguishes as having little bearing on whether misprision constitutes an aggravated felony under section 101(a)(43)(S) of the Act because the court employed the reference generically and not as a "term of art."  As the majority  emphasizes, not every offense that might tend to "*obstruct* justice" by its nature is an offense that entails the "*obstruction of* justice" as used by Congress in section 101(a)(43)(S) of the Act. *Matter of Espinoza, supra*, at 7 (emphasis added).

Second, an accessory after the fact conviction can be sustained on the basis of conduct that has no relationship to any ongoing proceeding, or even any official investigation, but simply involves assisting a perpetrator in changing his appearance. *See, e.g.,  United States v. Dye*, 508 F.2d 1226, 1236 (6th Cir. 1974) ("It was alleged that he was an accessory after the fact because of assistance he gave the defendant McFee in changing his appear-

ance and that he was guilty of misprision of felony in concealing the hijacking of the whiskey and not reporting it to proper authorities."), *cert. denied*, 420 U.S. 973 (1975). Similarly, removing a license plate from a car that proved to be a getaway vehicle in an armed bank robbery supported an inference that the defendant knew of the principal crime and was acting to assist the robber after the fact. *United States v. Burnette*, 698 F.2d 1038 (9th Cir.), cert. denied 461 U.S. 936 (1983). Such conduct may constitute a crime, but it is not necessarily obstruction of justice. Nor is conduct required to prove "accessory after the fact" necessarily any other aggravated felony. *United States v. Innie*, 7 F.3d 840, 852 (9th Cir. 1993) (concluding that it is far from obvious that, in every case, receiving, relieving, comforting, or assisting a "hired" murderer in order to hinder or prevent that murderer's apprehension, trial, or punishment involves a substantial risk that physical force may be used against the person or property of another), *cert. denied*, 511 U.S. 1042 (1994).

Furthermore, not every accessory after the fact offense must include "an affirmative action undertaken . . . to hinder the process of justice," as the majority contends. As the majority is forced to acknowledge, 18 U.S.C. § 3 includes even actions intended to "hinder or prevent [another's] *apprehension*." (Emphasis added.) Although the majority uses the amorphous phrase "process of justice," this phrase cannot be applied as broadly as the majority might like. *See United States v. Aguilar, supra*, at 598-99 (limiting the concept of interference with the administration of justice to knowing interference with a judicial or grand jury proceeding); *United States v. Brown, supra,* at 958 (distinguishing interference with the execution of a search warrant in connection with a police investigation from interference with the production of documents subpoenaed in a grand jury proceeding); *Haili v. United States, supra*, at 746 (distinguishing conduct designed to encourage a prisoner to escape from a penitentiary from offenses that could be punished under § 1503). The majority's attempt to distinguish the crime of misprision, which involves affirmative concealment, from the crime of accessory after the fact, which equally could involve concealment or harboring, but does not necessarily involve interference with any phase of the work of a tribunal or administrative body, is factually incorrect and simply unpersuasive.

It is longstanding Board practice to construe a respondent's offense according to the minimum conduct necessary to sustain a conviction. *Matter of Short*, 20 I&N Dec. 136 (BIA 1989). Our jurisprudence holds that in determining whether the respondent's conviction under an ambiguous or divisible criminal statute constitutes a violation as defined in the Act, it is necessary to look to the record of conviction, and to other documents admissible as evidence in proving a criminal conviction, to determine the specific offense of which the alien was convicted. *Id.; see also Matter of Sweetser,* 22 I&N Dec. 3390 (BIA 1999). I emphasize that it is not what the

respondent did, but the crime of which he was convicted, determined by the record of conviction, that is dispositive. *Matter of Pichardo*, 21 I&N Dec. 330 (BIA 1996) (rejecting the Immigration Judge's reliance on such extrinsic evidence as the respondent's testimony when deportability was denied and the record contained no documentary evidence that his conviction involved a weapon that was a firearm); *Matter of Teixeira*, 21 I&N Dec. 316 (BIA 1996).

By its terms, a federal conviction for accessory after the fact is a divisible offense, as some accessory after the fact convictions may involve hindering or preventing the operation of an official investigation or tribunal, while other convictions may not. *Matter of Sweetser, supra*. Only a conviction for the former conduct amounts to an offense comparable to "obstruction of justice" as described in the United States Code. As I stated in *Matter of Batista-Hernandez, supra*, the possibility that the conduct underlying a conviction pursuant to 18 U.S.C. § 3 could be shown to be an offense "relating to obstruction of justice," is not clear, unequivocal, or convincing evidence of such a fact. *Id.* at 971 (Rosenberg, concurring and dissenting); *accord Matter of Sweetser, supra*.

## III. *BATISTA-HERNANDEZ* REEXAMINED: MISPRISION OF A FELONY AND ACCESSORY AFTER THE FACT

The majority and I agree that "[t]o include all offenses that have a tendency to, or by their nature do, obstruct justice would cast the net too widely." *Matter of Espinoza, supra,* at 7. It does not follow that, because misprision and accessory after the fact offenses do not contain identical elements, and we have found that misprision does not relate to obstruction of justice as defined in the United States Code, a conviction for accessory after the fact necessarily must constitute an offense relating to obstruction of justice. Just as "obstruction of justice and misprision of a felony are treated as distinct offenses under federal law," so too are the offenses of obstruction of justice and accessory after the fact. *Id.*

The majority's effort to portray these two crimes as opposites is contrary to our own precedent. Indeed, as the Board noted in *Matter of Batista-Hernandez, supra,* at 960, "Although accessory after the fact falls somewhere between misprision of a felony and aiding and abetting in terms of its relation to the underlying crime, we find that it is more akin to misprision." *See also United States v. Daddano,* 432 F.2d 1119, 1129 (7th Cir. 1970) ("Whether misprision and being an accessory after the fact are distinct from each other seems a closer question. Probably most instances of misprision involve, in actuality, being an accessory after the fact."), *cert. denied*, 402 U.S. 905 (1971). In addition, just as misprision may be committed by "conceal[ing] a crime where there is no investigation or proceed-

ing," so too may the offense of accessory after the fact be committed by comforting or harboring the perpetrator of another offense without any requirement that there be an ongoing investigation or actual trial. *Matter of Espinoza, supra*, at 8. Contrary to what the majority posits, both offenses require an affirmative act. *United States v. Daddano, supra*, at 1124 (agreeing that 18 U.S.C. § 4 requires an affirmative act of concealment in addition to failure to disclose the felony to the authorities); *see also Bratton v. United States*, 73 F.2d 795 (10th Cir. 1934). Furthermore, misprision and accessory after the fact are treated similarly, not differently, in the United States Sentencing Guidelines. *United States v. Cefalu, supra*, at 968.

Although the majority opinion tends to obscure the fact, the Board's decision in *Matter of Batista-Hernandez, supra*, entailed only the most minimal analysis of section 101(a)(43)(S) of the Act. It did not address "our primary task in construing this provision," as the majority identifies it here, and failed to "identify the contours of those offenses that constitute 'obstruction of justice.'" *Matter of Espinoza, supra*, at 7-8. Despite the fact that the majority now asserts that "[o]nly then can we determine whether the respondent's conviction 'relates to' such an offense," *id.* at 8, the Board did not engage in any such analysis in *Batista-Hernandez*.

In fact, in *Batista-Hernandez*, the Board merely concluded that "Congress incorporated within the aggravated felony definition an offense which encompasses the respondent's accessory after the fact crime because the respondent's conviction pursuant to 18 U.S.C. § 3 clearly relates to obstruction of justice." *Id.* at 10. The Board never examined the respondent's conviction with respect to whether it constituted a conviction for obstruction of justice beyond citing to the general statement in *United States v. Barlow, supra*, regarding "obstructing justice," which the majority today deems an inadequate basis to conclude that a federal offense constitutes an aggravated felony as defined in section 101(a)(43)(S) of the Act. Furthermore, in *Batista-Hernandez*, the Board noted, incorrectly, that "the wording of 18 U.S.C. § 3 itself indicates its relation to obstruction of justice, for the statute criminalizes actions knowingly taken to 'hinder or prevent [another's] apprehension, trial or punishment.'" *Id.* at 10 (quoting 18 U.S.C. § 3).

In addition, the respondent in *Batista-Hernandez* never was put on notice that he could be found subject to removal based on this provision of the Act and had no chance to develop or present his position regarding such a charge. *See Matter of Espinoza, supra*, at 12 n.1 (Rosenberg, concurring and dissenting). Such a charge was never levied by the Service and the Service never set forth any theory to buttress such a charge, because it was the Board, on review, that elected to construe the respondent's conviction in relation to the statutory terms of section 101(a)(43)(S) of the Act. This type of adjudication without notice is frowned on by the courts. *See Chue Xiong v. INS*, 173 F.3d 601, 608 (7th Cir. 1999) ("However, lack of notice is just

as problematic . . . . It is often the case that an alien cannot challenge the fact of conviction, but can challenge the characterization of the conviction."); *Choeum v. INS*, 129 F.3d 29, 33 (1st Cir. 1997) (stating that "the INS may not substitute alternative grounds for deportation at this stage in the proceedings").

I conclude that if it was so clear which offenses were included in the provision, as the majority in *Batista-Hernandez* claimed it was, we would have little need to undertake the thorough examination of the United States Code obstruction of justice offenses in which we are engaging today, in order to determine whether the crime of misprision falls within the very same aggravated felony provision. Nevertheless, the majority seeks to rehabilitate *Batista-Hernandez* by somehow bootstrapping our current analysis and projecting it onto that decision. That approach unsuccessfully glosses over the lack of analysis on which the flawed holding in *Batista-Hernandez* is based, and it needlessly contorts the Board's decision in the instant case. I would issue the instant decision without using the passages attempting to contrast misprision of a felony crimes with accessory after the fact offenses, indicating that by today's decision we are modifying or superseding the Board's decision in *Matter of Batista-Hernandez, supra*.