Ramon Navarro LOPEZ, Petitioner,

v.

Peter D. KEISLER,* Acting Attorney General, Respondent.

No. 05–70135.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 27, 2007.

Filed Oct. 11, 2007.

Keli M. Reynolds, Esq., Bustamante & Associates, Los Angeles, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Wendy Benner–Leon, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GIBSON **, TASHIMA, and BERZON, Circuit Judges.

MEMORANDUM ***

Ramon Navarro–Lopez, a native and citizen of Mexico, became a lawful permanent resident of the United States in 1990. On November 28, 2001, he pleaded guilty to a violation of Cal.Penal Code § 69, which provides that:

> Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists,

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

by the use of force or violence, such officer, in the performance of his duty, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison, or in a county jail not exceeding one year, or by both fine and imprisonment.

He was sentenced to the minimum term for a felony under Cal.Penal Code § 18.

On May 27, 2004, Navarro–Lopez was charged with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) as an aggravated felon. The original notice to appear does not specify *which* aggravated felony Navarro–Lopez was thought to have committed, citing only to 8 U.S.C. § 1101(a)(43), which is the section listing all possible aggravated felonies. On June 15, 2004, the error was remedied when additional charges were lodged against Navarro–Lopez, specifying the aggravated felonies in question to be those defined in §§ 1101(a)(43)(F) and (a)(43)(S). Section 1101(a)(43)(F) provides that "a crime of violence" is an aggravated felony and § 1101(a)(43)(S) denominates as an aggravated felony "an offense relating to obstruction of justice, perjury or subornation of perjury, or bribery of a witness, for which the term of imprisonment is at least one year."

On July 14, 2004, Immigration Judge (IJ) Sitgraves held that Navarro–Lopez was an aggravated felon. The ruling supplies no analysis. Its discussion of the question, quoted in full, is:

> It is clear that the respondent was sentenced to a felony, sentenced to state prison for a period of one year and four months and that this in fact does constitute to be [sic] an aggravated felony as a crime of violence within the meaning of [§ 1101(a)(43)(F) ] and it also falls under (S). And I find that he is removable as charged by evidence that is clear and convincing.

Navarro–Lopez did not concede removability, and appealed to the BIA. The BIA affirmed. Because it did so without opinion, citing its streamlining regulations, we review the IJ's decision as the "final agency decision." *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). Navarro–Lopez filed a timely petition for review.

The Acting Attorney General moved to remand to the BIA on September 21, 2007, after this case had been scheduled for oral argument. Navarro–Lopez does not oppose the motion.

As the Acting Attorney General recognizes, the BIA's decision does not provide a reasoned explanation of its conclusions because the IJ's decision, which it has adopted, is devoid of analysis. "We have long held that the BIA abuses its discretion when it fails to provide a reasoned explanation of its actions." *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir. 2005). It did so here.

We therefore vacate the order of removal and remand to the BIA to reconsider whether Navarro–Lopez's crime qualifies as an aggravated felony. This will give the BIA the opportunity, both parties agree, to address the impact of several recent rulings on its decision. *See In re Sanudo,* 23 I. & N. Dec. 968 (BIA 2006) (discussing crimes of domestic violence and California battery law); *Ortega–Mendez v. Gonzales,* 450 F.3d 1010 (9th Cir.2006) (discussing crimes of violence and California battery law); *In re Espinoza–Gonzalez,* 22 I. & N. Dec. 889 (BIA 1999) (en banc) (discussing obstruction of justice). Should the BIA reinstate the order of removal, Navarro–Lopez will be able to appeal to this court on any ground which he has raised before the BIA, either on remand or initially. *See Lopez–Ruiz v. Ashcroft,* 298 F.3d 886, 887 (9th Cir.2002).

**PETITION FOR REVIEW GRANT-ED, and REMANDED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.