BYBEE, Circuit Judge,
dissenting:
The majority misidentifies the question before us, fails to give the BIA the deference it is due, and contradicts our previous decisions. I respectfully dissent.
I
We are asked to determine whether a conviction under Washington’s criminal assistance statute, WASH. REV. CODE § 9A.76.080, qualifies as “an offense relating to obstruction of justice,” and therefore an aggravated felony, under 8 U.S.C. § 1101(a)(43)(S). The majority begins on the right track, correctly establishing that in these circumstances, we apply the categorical and modified categorical approaches laid out in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) and Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Under the categorical approach, we examine the generic federal definition of an obstruction-of-justice crime and compare it to the state statute of conviction. See Taylor, 495 U.S. at 599, 110 S.Ct. 2143.
*1166 It is here that the majority errs. Citing the BIA’s decision in Matter of Espinoza-Gonzalez, 22 I. & N. Dec. 889, 892-93 (BIA 1999) (en banc), the majority argues the generic federal definition of an obstruction-of-justice crime requires “active interference with proceedings of a tribunal,” or “intent to harm or retaliate against others who cooperate in the process of justice or might otherwise so cooperate.” See Maj. Op. at 1160 (quoting Espinoza-Gonzalez, 22 I. & N. Dec. at 891). But we have previously noted that unlike other aggravated felonies listed in § 1101(a)(43), the obstruction of justice provision “does not clearly set forth the elements of the generic federal crime.” Renteria-Morales v. Mukasey, 551 F.3d 1076, 1086 (9th Cir.2008); see also Salazar-Luviano v. Mukasey, 551 F.3d 857, 860 (9th Cir.2008) (“Congress itself did not define the phrase ‘offense relating to obstruction of justice’ in the INA.”). Because of this lack of definition, we looked first to see “whether there is any binding agency precedent on-point which does define that phrase.” Renteria-Morales, 551 F.3d at 1086 (internal quotation marks omitted). In no uncertain terms, we held that “in determining whether[a] specific crime of conviction is an obstruction-of-justice offense for purposes of § 1101(a)(43)(S), we rely on the BIA’s definition.” Id. at 1086-87. Here, the BIA has indeed crafted such a definition, and it contradicts the one asserted by the majority.
In Matter of Batista-Hernandez, 21 I. & N. Dec. 955 (BIA 1997) (en banc), the Board concluded that a conviction under the federal accessory-after-the-fact statute, 18 U.S.C. § 3,[1] qualified as “an offense relating to obstruction of justice” under § 1101(a)(43)(S). Subsequently, in Espinoza-Gonzalez, 22 I. & N. Dec. at 897, the Board held that the federal misprision of a felony statute, 18 U.S.C. § 4, was not “an offense relating to obstruction of justice.” The latter opinion suggested that § 1101(a)(43)(S) covers crimes which “have as an element interference with the proceedings of a tribunal or require an intent to harm or retaliate against others who cooperate in the process of justice or might otherwise so cooperate.” 22 I. & N. Dec. at 892. However, despite a single board member’s insistence that this decision was inconsistent with the reasoning of Batista-Hernandez, see Espinoza-Gonzalez, 22 I. & N. Dec. at 905 (Rosenberg, Board Member, concurring in part and dissenting in part), the Board did not overrule its earlier opinion, see id. at 891 (discussing Batista-Hemandez); id. at 894 (distinguishing Batistar-Hernandez).
Moreover, in its decision below, the BIA clarified any apparent tension between these two earlier decisions. It specified that “in Espinozar-Gonzalez, we ... reaffirmed rather than overruled our holding in [Batistar-Hemandez ].” As a result, because Washington’s criminal assistance statute contains “substantially the same” elements as 18 U.S.C. § 3, the Board concluded that it qualified as an obstruction-of-justice crime for purposes of the aggravated felony provision. In other words, the BIA’s decisions in Batista-Hemandez and Espinozar-Gonzalez both establish its understanding of § 1101(a)(43)(S).
II
Because § 1101(a)(43)(S) is part of an immigration statute that the BIA has been entrusted to administer, we must defer to its interpretation of “an offense relating to *1167 the obstruction of justice” unless it is unreasonable. See INS v. Aguirre-Aguirre, 526 U.S. 415, 424, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999) (citing Chevron, U.S.A. Inc. v. Natural Res. Def. Council, 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). The majority does not argue that the BIA’s interpretation of § 1101(a)(43)(S) in Batista-Hemandez conflicts with unambiguous congressional intent, nor does it claim that its interpretation is unreasonable. Instead, it declines to defer to Batista-Hemandez because the opinion did not “define[] obstruction of justice and applfy] that definition to identified elements of 18 U.S.C. § 3,” and “merely concludes that violation of 18 U.S.C. § 3 is obstruction of justice without defining the ambiguous term, identifying the elements of the statute of conviction, or applying a definition of obstruction of justice to the statute.” Maj. Op. at 1164.
A
The majority’s refusal to defer to the BIA without concluding that its interpretation is either contrary to congressional intent or unreasonable is inexplicable. The BIA is entitled to Chevron deference when it interprets a immigration statute in a precedential opinion. See, e.g., Fregozo v. Holder, 576 F.3d 1030, 1034-35 (“If ... the BIA has interpreted an ambiguous INA statutory term, and rendered its interpretation in a precedential decision intended to carry the force of law, we defer under [Chevron ] to the BIA’s definition so long as it is reasonable.”) (9th Cir.2009); Marmolejo-Campos v. Holder, 558 F.3d 903 (9th Cir.2009) (en banc) (“[T]he Board’s precedential orders, which bind third parties, qualify for Chevron deference because they are made with a ‘lawmaking pretense.’”). In Batista-Hernandez, the BIA concluded that “18 U.S.C. § 3 clearly relates to obstruction of justice.” 21 I. & N. Dec. at 961. It cites “the wording of 18 U.S.C. § 3” and the D.C. Circuit’s reasoning that “the nature of being an accessory after the fact lies essentially in obstructing justice and preventing the arrest of the offender.” Id. at 961. And there is no dispute that the elements of Washington Revised Code § 9A.76.080 categorically match the elements of 18 U.S.C. § 3. In other words, if Batistar-Hemandez remains binding, then Hoang’s conviction counts as an aggravating felony. While I agree that Batista-Hemandez’s discussion of 18 U.S.C. § 3 was brief, it cannot be ignored simply because the majority would have preferred that it be lengthier. If the majority is dissatisfied with the analytical rigor with which the BIA reached its conclusion in Batisto-Hernandez, it can only express that dissatisfaction by demonstrating that the decision is unreasonable or contrary to unambiguous congressional intent. But the majority cannot simply ignore an opinion because it feels that the BIA’s analysis is too brief.
B
Instead of following Batista-Hemandez, the majority applies the categorical approach by using Espinoza-Gonzalez’s definition of an obstruction-of-justice crime. Maj. Op. at 1161-63. In doing so, the majority not only overlooks our conclusion in Renteriar-Morales that the “generic federal definition” of an obstruction-of-justice crime under § 1101(a)(43)(S) is determined by the BIA, 551 F.3d at 1086, but it also, remarkably, applies its own interpretation of the standard articulated by the BIA in Espinoza-Gonzalez. The weakness in the majority’s position is further highlighted by its acknowledgment that “the BIA was correct that Espinoza-Gonzalez ... did not overrule Batista-Hernandez.” Maj. Op. at 1164. Nonetheless, it maintains that “the BIA now concludes that accessory after the fact is an obstruction of justice crime when it interferes with an ongoing proceeding or investigation.” Maj. Op. at *1168 1164. In other words, not only has the majority conceded that Espinozar-Gonzalez did not overrule Batistar-Hemandez, but it has also fashioned a definition that, to its own satisfaction, fuses the two together. Although the coexistence of Espinozar-Gonzalez and Batistar-Hemandez might be inelegant or overly complicated, the two decisions are compatible and both remain entitled to deference unless it is shown that one of them fails one or both of Chevron’s two steps.
There is no congressionally articulated federal definition of an obstruction-of-justice crime; we observed as much in Renteria-Morales. See 557 F.3d at 1086. In order to reach its result, the majority has, in effect, examined two reasonable (and non-contradictory) definitions of the term offered by the BIA and has, by judicial fiat, given legal effect to one and invalidated the other, even though the BIA has explicitly endorsed both. It thereby fails to give adequate deference to the BIA.
Ill
I would give deference to the BIA’s decision in Batistar-Hemandez, conclude that 18 U.S.C. § 3 is an “offense relating to the obstruction of justice,” and hold that Hoang’s conviction under a substantially similar Washington statute therefore constituted a conviction for an aggravated felony under § 1101(a)(43)(S). The majority fails to give appropriate deference to the BIA’s decisions and is in tension with our previous holdings. I respectfully dissent.

. 18 U.S.C. § 3 provides, in relevant part, that "[wjhoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.”