**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TRUNG THANH HOANG,

*Petitioner,*

v.

ERIC H. HOLDER JR., Attorney
General,

*Respondent.*

No. 09-72954

Agency No.
A074-465-074

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
November 3, 2010—Seattle, Washington

Filed May 17, 2011

Before: Betty B. Fletcher, Ferdinand F. Fernandez, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge B. Fletcher;
Dissent by Judge Bybee

**COUNSEL**

Scott Allen Marks, Law Offices of Scott A. Marks, Seattle, Washington, and Matthew Weber, Miami, Florida, for the petitioner.

Allison Frayer and Zoe Jaye Heller, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for the respondent.

**OPINION**

B. FLETCHER, Circuit Judge:

Petitioner, Trung Thanh Hoang, seeks review of the Board of Immigration Appeals's (BIA's) decision affirming an Immigration Judge's (IJ's) order of removal. This case requires us to determine whether petitioner's state misdemeanor conviction for rendering criminal assistance is a crime related to obstruction of justice and thus constitutes an aggravated felony under Immigration and Nationality Act (INA) § 101(a)(43)(S), 8 U.S.C. § 1101(a)(43)(S). We have jurisdiction to determine as a matter of law whether petitioner has been convicted of an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(D); *Madujano-Real v. Mukasey*, 526 F.3d 585, 588 (9th Cir. 2008). Because the BIA conducted an independent review, we review the BIA's decision rather than the

IJ's. *Vasquez v. Holder*, 602 F.3d 1003, 1009 (9th Cir. 2010). We grant the petition.

## I.

Hoang is a native and citizen of Vietnam who was admitted to the United States as a refugee in 1994. He became a lawful permanent resident in 1997. In 2000, Hoang pleaded guilty to rendering criminal assistance in the second degree, a misdemeanor in violation of Washington Revised Code § 9A.76.080.[1] Hoang's plea agreement admits that he "[d]id unlawfully render criminal assistance to a person who has committed a class B Felony (Drive by shooting) by providing such person transportation." Hoang was sentenced to one year imprisonment and discharged in October 2002.

In 2006, Hoang's application to become a naturalized U.S. citizen was denied on account of his 2000 conviction. On October 9, 2007, the INS charged Hoang with being removable as an aggravated felon who had committed a crime of obstruction of justice (as defined by 8 U.S.C. § 1101(a)(43)(S)). After a hearing, the IJ issued a written decision sustaining the charge and ordered Hoang removed to Vietnam. Hoang timely appealed.

On August 31, 2009, in an unpublished, one-member order, the BIA upheld the IJ's decision. The BIA reasoned that because (1) the elements of Washington Revised Code § 9A.76.080 are the same as the elements of the federal accessory after the fact statute; and (2) *In Re Batista-Hernandez*, 21 I. & N. Dec. 955 (1997) (en banc), held that federal accessory after the fact is a crime related to obstruction of justice; then (3) rendering criminal assistance in violation of § 9A.76.080

---

[1]Washington Revised Code § 9A.76.080 provides, in relevant part: "A person is guilty of rendering criminal assistance in the second degree if he or she renders criminal assistance to a person who has committed or is being sought for a class B or class C felony."

is a crime related to obstruction of justice. The BIA rejected Hoang's claim that his crime was not a categorical match for the definition of the generic obstruction of justice crime provided *in In Re Espinoza-Gonzalez*, 22 I. & N. Dec. 889 (1999) (en banc). The BIA stated that in *Espinoza-Gonzalez*, the BIA "reaffirmed rather than overruled" *Batista-Hernandez*. This petition followed.

## II.

The INA defines the term "aggravated felony" to include, as relevant here, "an offense related to obstruction of justice" for which the term of imprisonment is at least one year.[2] INA § 101(a)(43)(S), 8 U.S.C. § 1101(a)(43)(S). To determine whether rendering criminal assistance constitutes obstruction of justice within the meaning of § 1101(a)(43)(S), we first apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990).

Under the categorical approach, we compare "the elements of the statute of conviction with the federal definition of the crime to determine whether conduct proscribed by the [state] statute is broader than the generic federal definition." *Fregozo v. Holder*, 576 F.3d 1030, 1035 (9th Cir. 2009) (alteration and citation omitted). To determine the elements of a federal generic crime, we must first consider whether Congress provided any specific guidance. *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152 (9th Cir. 2008). Though the United States criminal code includes a chapter entitled "Obstruction of Justice," 18 U.S.C. §§ 1501-1521, it does not clearly set forth the elements of a generic federal obstruction of justice crime;[3] nor does § 1101(a)(43)(S) provide a generic definition. *Renteria-Morales v. Mukasey*, 551 F.3d 1076, 1086 (9th

---

[2]Hoang does not contest on appeal that he was sentenced to at least one year of imprisonment.

[3]We are aware that the Third Circuit recently held that the phrase "a crime relating to obstruction of justice" is unambiguous as used in the INA, and thus did not defer to the BIA's interpretation of that term. *Denis v. Attorney Gen. of the U.S.*, 633 F.3d 201, 209 (3d. Cir. 2011) ("Title 18 of the U.S. Code contains a list of crimes entitled 'obstruction of justice,' permitting [the courts] to easily determine the types of conduct Congress intended the phrase to encompass.")

Cir. 2008). Consequently, we must determine whether the agency charged with implementing the INA has defined the term. *Id.* We defer to the BIA's reasonable interpretations of ambiguous terms in the INA. *See id.* (citing *Chevron, U.S.A. Inc., v. Natural Res. Def. Council, Inc.*, 476 U.S. 837, 843 (1984)).

## A.

**[1]** In *Espinoza-Gonzalez*, 22 I. & N. Dec. 889, the BIA defined the term obstruction of justice for the purposes of the INA. The issue in *Espinoza-Gonzalez* was whether the alien's conviction for misprision of a felony, in violation of 18 U.S.C. § 4,[4] was a crime related to obstruction of justice. 22 I. & N. Dec. at 889-90. The BIA looked to the chapter of the federal criminal code entitled "Obstruction of Justice" to guide its interpretation of the term.[5] *Id.* at 891-94. It concluded that "[i]n general, the obstruction of justice offenses listed in 18 U.S.C. §§ 1501-1518 have as an element interference with the proceedings of a tribunal or require an intent to

---

[4]The federal criminal code defines misprision of a felony as follows:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

18 U.S.C. § 4.

[5]Two years after *Espinoza-Gonzalez*, the BIA reaffirmed that the term obstruction of justice is to be defined by reference to the federal criminal code. It stated:

> In [*Espinoza-Gonzalez*], we discussed how the term "an offense relating to obstruction of justice" was to be treated for immigration purposes. We concluded that misprision of a felony was not an offense relating to obstruction of justice because it lacked the essential elements that were included in the federal obstruction of justice crimes enumerated in 18 U.S.C. §§ 1501-1518.

*In re Martinez-Recinos*, 23 I. & N. Dec. 175, 176-77 (2001).

harm or retaliate against others who cooperate in the process of justice or might otherwise so cooperate." *Id.* at 891. The BIA emphasized that:

> Congress did not adopt a generic descriptive phrase such as "obstructing justice" or "obstruct justice," but chose instead a term of art utilized in the United States Code to designate a specific list of crimes. It employed that term in conjunction with other crimes (e.g., perjury and bribery) that also are clearly associated with the affirmative obstruction of a proceeding or investigation. *We do not believe that every offense that, by its nature, would tend to "obstruct justice" is an offense that should be properly classified as "obstruction of justice."*

*Id.* at 893-94 (emphasis added). The BIA noted that the Supreme Court has interpreted the term "obstruction of justice" narrowly. *Id.* at 892-93 (citing *United States v. Aguilar*, 515 U.S. 593, 598-99 (1995) (holding that making false statements to an FBI agent was not obstruction of justice absent evidence that the declarant knew the statements would be provided to a grant jury)). Misprison of a felony, the BIA concluded, was not categorically obstruction of justice because it "lacks the critical element of an affirmative and intentional attempt, motivated by specific intent, to interfere with the process of justice." *Id.* at 894.

**[2]** We have twice afforded *Chevron* deference to *Espinoza-Gonzales*. In *Renteria-Morales v. Mukasey*, 551 F.3d 1076, 1086 (9th Cir. 2008), we held that *Espinoza-Gonzalez* "articulated both an actus reus and mens rea element of the generic definition of [obstruction of justice] crimes for purposes of § 1101(a)(43)(S)." We described the actus reus as "either active interference with proceedings of a tribunal or investigation, or action or threat of action against those who would cooperate with the process of justice;" and the mens rea as "specific intent to interfere with the process

of justice." *Id.* at 1086 (quoting *Espinoza-Gonzalez*, 22 I. & N. Dec. at 892-93).[6] We concluded that *Espinoza-Gonzalez* represented a reasonable construction of § 1101(a)(43)(S) because it "deriv[ed] the definition of 'obstruction of justice' for purposes of § 1101(a)(43)(S) from the body of federal statutes imposing criminal penalties on obstruction-of-justice offenses." *Id.*; *see also Salazar-Luviano v. Mukasey*, 551 F.3d 857, 861-62 (9th Cir. 2008) (deferring to *Espinoza-Gonzalez* and analyzing whether petitioner's offense was related to any of the provisions in the federal criminal code chapter entitled "Obstruction of Justice"). In light of our precedent, we look to *Espinoza-Gonzalez* to supply the definition of the generic federal obstruction of justice offense.

## B.

"After determining the elements of the generic crime listed in § 1101(a)(43)(S), we next identify the elements of the specific crime of conviction." *Salazar-Luviano*, 551 F.3d at 860. "We do not defer to the BIA's interpretations of state law or provisions of the federal criminal code, and instead must review de novo whether the specific crime of conviction meets the INA's definition of an aggravated felony." *Id.* at 860-61 (internal quotation marks and citation omitted). "If the statute of conviction criminalizes conduct that would not satisfy the federal definition of the crime at issue, then the conviction does not qualify as a predicate offense under the categorical approach." *Fregozo*, 576 F.3d at 1035 (quoting *Quintero-Salazar v. Keisler*, 506 F.3d 688, 692 (9th Cir. 2007)) (alteration omitted).

---

[6]We disagree with the dissent's conclusion that this opinion newly interprets *Espinoza-Gonzalez. See* Dissent at 6527 ("[The majority] applies its own interpretation of the standard articulated *by the BIA* in *Espinoza-Gonzalez.*"). Our discussion of the actus reus and mens rea elements of the generic obstruction of justice crime is taken directly from the BIA's discussion in *Espinoza-Gonzalez* and our binding, precedential decisions in *Renteria-Morales v. Mukasey*, 551 F.3d 1076, 1086 (9th Cir. 2008), and *Salazar-Luviano v. Mukasey*, 551 F.3d 857, 860 (9th Cir. 2008).

Washington Revised Code § 9A.76.050 defines rendering criminal assistance for the purposes of § 9A.76.080. It states that a person renders criminal assistance if:

> [W]ith intent to prevent, hinder, or delay the apprehension or prosecution of another person he knows has committed a crime or juvenile offense or is being sought by law enforcement officials for the commission of a crime or juvenile offense he:
>
>> (1) Harbors or conceals such person; or
>>
>> (2) Warns such person of impending discovery or apprehension; or
>>
>> (3) Provides such person with money, transportation, disguise, or other means of avoiding discovery or apprehension; or
>>
>> (4) Prevents or obstructs, by use of force, deception, or threat, anyone from performing an act that might aid in the discovery or apprehension of such person; or
>>
>> (5) Conceals, alters, or destroys any physical evidence that might aid in the discovery or apprehension of such person; or
>>
>> (6) Provides such person with a weapon.

WASH. REV. CODE § 9A.76.050.

[3] By the statute's plain language, rendering criminal assistance in violation of Washington law has three elements. Defendant must (1) have the "intent to prevent, hinder or delay the apprehension or prosecution of another person"; (2) "know the person has committed a crime or juvenile offense *or* is being sought by law enforcement officials for the com-

mission of a crime or juvenile offense"; and (3) commit one of the statutorily enumerated acts, including, as relevant here, providing transportation to the offender.

**[4]** Washington Revised Code § 9A.76.080 criminalizes conduct falling outside the bounds of the generic federal obstruction of justice crime as defined by *Espinoza-Gonzalez* because it does not require that defendant commit an act involving "either active interference with *proceedings of a tribunal or investigation*, or action or threat of action against those who would cooperate with the process of justice." 22 I. & N. Dec. at 893 (emphasis added). In *Salazar-Luviano*, we held that an individual cannot actively interfere with the proceedings of a tribunal or investigation unless, at the time of defendant's act, such a proceeding was pending. 551 F.3d at 862-63; *see also Aguilar*, 515 U.S. at 597-98. *Salazar-Luviano* considered whether escape from custody, as criminalized by 18 U.S.C. § 751, was an offense relating to obstruction of justice. We concluded that:

> Because a violation of 18 U.S.C. § 751 does not require the existence of a pending judicial proceeding, much less knowledge of or specific intent to obstruct such a proceeding, one could violate § 751 while serving a sentence in federal prison *after* the conclusion of all judicial proceedings, for example, or (as here) while in detention *before* the commencement of any judicial proceedings.

551 F.3d at 862-63. We acknowledged that the Government was "probably correct" that an escape from custody "impedes the *prospective* judicial or tribunal process," but held that was insufficient, under the BIA's narrow interpretation of the term obstruction of justice, to bring petitioner's crime within the meaning of § 1101(a)(43)(S). 551 F.3d at 863 (emphasis added).

**[5]** This case is analogous to *Salazar-Luviano*. A defendant could be convicted of rendering criminal assistance in viola-

tion of Washington law if he provided transportation to an individual he knows is subject to a pending investigation or proceeding—but he could also be convicted if he provides transportation to an individual he knows has committed a crime, *before* any investigation or judicial proceeding has begun. The state statute of conviction is divisible, and a conviction for misdemeanor rendering criminal assistance does not necessarily require the defendant to have provided transportation to an individual who had committed *and* was being sought for a crime. Providing transportation to an individual who has committed a crime may "impede[ ] the prospective judicial process," *Salazar-Luviano*, 551 F.3d at 863, and it is certainly criminal. But that is insufficient to make it obstruction of justice. *Espinoza-Gonzalez*, 22 I. & N. Dec. at 893-94. Because Washington Revised Code § 9A.76.080 does not require the necessary actus reus, a violation of that statute is not categorically obstruction of justice.

## C.

The BIA's decision in *Batista-Hernandez*, 21 I. & N. Dec. 955, does not compel a different conclusion. *Batista-Hernandez* (decided two years before *Espinoza-Gonzalez*) considered whether an immigrant who was convicted as an accessory after the fact pursuant to 18 U.S.C. § 3 was removable because he had committed a crime relating to obstruction of justice.[7] 21 I. & N. Dec. at 961.

*Batista-Hernandez*'s discussion of 18 U.S.C. § 3 and obstruction of justice is cursory. It states, in its entirety:

> 18 U.S.C. § 3 clearly relates to obstruction of justice. In so finding, we note that the wording of 18 U.S.C.

---

[7]18 U.S.C. § 3 provides that "[w]hoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment" is subject to imprisonment.

§ 3 itself indicates its relation to obstruction of jus-
tice, for the statute criminalizes actions knowingly
taken to "hinder or prevent (another's) apprehension,
trial or punishment." Moreover, as the D.C. Circuit
stated in *United States v. Barlow*, [470 F.2d 1245,
1253-54 (D.C. Cir. 1972)], the nature of being an
accessory after the fact lies essentially in obstructing
justice and preventing the arrest of the offender.[8]
This case law lends further support to our conclusion
that the respondent's crime meets the definition of an
obstruction of justice offense."

21 I. & N. Dec. at 961.

While we defer to the BIA's definitions of ambiguous
terms in the INA, we do not defer to the BIA's every conclu-
sion that a particular crime is a removable offense. *See*, *e.g.*,
*Renteria-Morales*, 551 F.3d at 1081 ("We view de novo
whether the specific crime of conviction meets the INA's def-
inition of an aggravated felony."); *Mandujano-Real*, 526 F.3d
at 588-89 ("The answer to [the] question [of whether petition-
er's conviction is an aggravated felony] lies in interpretation

---

[8]*United States v. Barlow*, 470 F.2d 1245, 1253-54 (D.C. Cir. 1972)
noted:

> The gist of being an accessory after the fact lies essentially in
> obstructing justice by rendering assistance to hinder or prevent
> the arrest of the offender after he has committed the crime. Evi-
> dence of this offense is most frequently found in acts which har-
> bor, protect and conceal the individual criminal such as by
> driving him away after he commits a murder. The very definition
> of the crime also requires that the felony not be in progress when
> the assistance is rendered because then he who renders assistance
> would aid in the commission of the offense and be guilty as a
> principal. That is precisely the situation we have here.

470 F.2d at 1253-54. When the quoted language from *Barlow* is read in
context, it establishes nothing more than the fact that one cannot be con-
victed as an accessory after the fact for assistance rendered *during* the
commission of a crime.

of an Oregon criminal statute: this is a matter that is not committed to the BIA's expertise. Accordingly, we owe no deference to the BIA's resolution of this question on appeal."). To determine whether a state or federal conviction constitutes a removable offense, the BIA undertakes a two-part inquiry. First, the BIA must determine the elements of the state or federal conviction. *Fregozo*, 576 F.3d at 1034 (citing *Marmolejo-Campos v. Holder*, 558 F.3d 903, 907 (9th Cir. 2009) (en banc)). As the BIA has no statutory expertise in such matters, "we review de novo its determination of the elements of the offense for which the petitioner was convicted." *Fregozo*, 576 F.3d at 1034. Second, the BIA must "construe the INA by defining a particular removable offense and applying that definition to a petitioner's state conviction." *Id*. We defer to the BIA's determinations on the second question to the extent that the BIA's interpretation is reasonable and precedential. *Id*. at 1034-35.

Thus, *Batista-Hernandez* is relevant to the categorical analysis in this case only to the extent it defines obstruction of justice and applies that definition to the identified elements of 18 U.S.C. § 3. *Batista-Hernandez* does neither. It merely concludes that violation of 18 U.S.C. § 3 is obstruction of justice without defining the ambiguous term, identifying the elements of the statute of conviction, or applying a definition of obstruction of justice to the statute. *See* 21 I. & N. Dec. at 961. Accordingly, we do not defer to *Batista-Hernandez.*

In this case, the BIA was correct that *Espinoza-Gonzalez*, which defined the generic obstruction of justice crime, did not overrule *Batista-Hernandez*.[9] *Espinoza-Gonzalez* distinguished misprison of a felony from accessory after the fact on the grounds that the latter both "references the specific purpose for which" the act is done, 22 I. & N. Dec. at 894, *and*

---

[9]The fact that *Espinoza-Gonzalez* did not overrule *Batista-Hernandez* does not, as the dissent suggests, lead to the inevitable conclusion that *Batista-Hernandez* is entitled to deference. Dissent at 6526-27.

requires "as an element either active interference with proceedings of a tribunal or investigation, or action or threat of action against those who would cooperate in the process of justice." *Id.* at 895. The BIA stated that "concealment of a crime is qualitatively different from an affirmative action to hinder or prevent another's apprehension, trial, or punishment. *It is a lesser offense to conceal a crime where there is no investigation or proceeding*, or even an intent to hinder the process of justice . . . ." *Id.* at 895 (emphasis added). Taken as a whole, *Espinoza-Gonzalez* does not suggest that the BIA considered accessory after the fact to be an offense relating to obstruction of justice *even though* it does not require the defendant to interfere with an ongoing proceeding or investigation. The language used indicates that the BIA now concludes that accessory after the fact is an obstruction of justice crime *when* it interferes with an ongoing proceeding or investigation. Thus, we disagree with the dissent's apparent conclusion that in *Espinoza-Gonzalez*, the BIA recognized that *Batista-Hernandez* provided a supplemental definition of obstruction of justice not requiring interference with an ongoing proceeding or investigation. Dissent at 6524. The definition provided in *Espinoza-Gonzalez*—the actus reus and mens rea necessary for a crime to categorically match generic obstruction of justice—controls.

## III. Modified Categorical Analysis

[6] Even though § 9A.76.080 criminalizes a broader range of conduct than the generic obstruction of justice crime as defined in *Espinoza-Gonzalez*, Hoang's conviction may still qualify as a crime related to obstruction of justice under the modified categorical approach.[10] Under the modified categori-

---

[10]Because the BIA concluded that § 9A.76.080 was categorically a crime related to obstruction of justice, it did not engage in a modified categorical analysis. The Government does not suggest that we should remand pursuant to *INS v. Ventura*, 537 U.S. 12, 17-18 (2002), and instead contents itself to rely upon the record as it now stands. Further, in the ordinary case reversing the BIA's conclusion that petitioner's conviction is a categorically a removable offense, we need not remand to allow the BIA to apply the modified categorical approach in the first instance. *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132-33 (9th Cir. 2006) (en banc).

cal approach, we "conduct a limited examination of documents in the record of conviction" to determine whether petitioner was necessarily convicted of all of the elements of the generic crime. *Renteria-Morales*, 551 F.3d at 1082 (quoting *Ferreria v. Ashcroft*, 390 F.3d 1091, 1095 (9th Cir. 2004)). If the petitioner pleaded guilty, the examination of the record is "limited to the terms of the charging document, the terms of a plea agreement or transcript of [the plea] colloquy . . . or to some comparable judicial record" in which the petitioner confirmed the factual basis for the plea. *Shepard v. United States*, 544 U.S. 13, 26 (2005); *see also United States v. Snellenberger*, 548 F.3d 699, 701-02 (9th Cir. 2008) (en banc) (per curiam).

**[7]** Nothing in the record of conviction establishes that there was an ongoing investigation or tribunal at the time Hoang provided transportation to an individual he knew had committed a crime. Hoang pleaded guilty only to providing transportation to a person he knew had committed a class B felony—the plea agreement does not state whether, at the time Hoang provided transportation, the offender was subject to an ongoing investigation or pending judicial proceeding. Therefore, we hold that Hoang's conviction does not qualify as obstruction of justice under the modified categorical approach.

## IV. Conclusion

In sum, Hoang's conviction for a misdemeanor by rendering criminal assistance in violation of Washington Revised Code § 9A.76.080 lacks the necessary actus reus and is not categorically obstruction of justice according to the definition provided in *Espinoza-Gonzalez*. *Batista-Hernandez* does not control this case. Nothing in the record of Hoang's conviction establishes that he provided assistance to an individual who was subject to a pending judicial proceeding or ongoing police investigation, and so his conviction does not qualify as obstruction of justice under the modified categorical

approach. We **GRANT** the petition for review and **REMAND** for further proceedings consistent with this opinion.

---

BYBEE, Circuit Judge, dissenting:

The majority misidentifies the question before us, fails to give the BIA the deference it is due, and contradicts our previous decisions. I respectfully dissent.

I

We are asked to determine whether a conviction under Washington's criminal assistance statute, WASH. REV. CODE § 9A.76.080, qualifies as "an offense relating to obstruction of justice," and therefore an aggravated felony, under 8 U.S.C. § 1101(a)(43)(S). The majority begins on the right track, correctly establishing that in these circumstances, we apply the categorical and modified categorical approaches laid out in *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 544 U.S. 13 (2005). Under the categorical approach, we examine the generic federal definition of an obstruction-of-justice crime and compare it to the state statute of conviction. *See Taylor*, 495 U.S. at 599.

It is here that the majority errs. Citing the BIA's decision in *Matter of Espinoza-Gonzalez*, 22 I. & N. Dec. 889, 892-93 (BIA 1999) (en banc), the majority argues the generic federal definition of an obstruction-of-justice crime requires "active interference with proceedings of a tribunal," or "intent to harm or retaliate against others who cooperate in the process of justice or might otherwise so cooperate." *See* Maj. Op. at 6513-14 (quoting *Espinoza-Gonzalez*, 22 I. & N. Dec. at 891). But we have previously noted that unlike other aggravated felonies listed in § 1101(a)(43), the obstruction of justice provision "does not clearly set forth the elements of the generic

federal crime." *Renteria-Morales v. Mukasey*, 551 F.3d 1076, 1086 (9th Cir. 2008); *see also Salazar-Luviano v. Mukasey*, 551 F.3d 857, 860 (9th Cir. 2008) ("Congress itself did not define the phrase 'offense relating to obstruction of justice' in the INA."). Because of this lack of definition, we looked first to see "whether there is any binding agency precedent on-point which does define that phrase." *Renteria-Morales*, 551 F.3d at 1086 (internal quotation marks omitted). In no uncertain terms, we held that "in determining whether [a] specific crime of conviction is an obstruction-of-justice offense for purposes of § 1101(a)(43)(S), we rely on the BIA's definition." *Id.* at 1086-87. Here, the BIA has indeed crafted such a definition, and it contradicts the one asserted by the majority.

In *Matter of Batista-Hernandez*, 21 I. & N. Dec. 955 (BIA 1997) (en banc), the Board concluded that a conviction under the federal accessory-after-the-fact statute, 18 U.S.C. § 3,[1] qualified as "an offense relating to obstruction of justice" under § 1101(a)(43)(S). Subsequently, in *Espinoza-Gonzalez*, 22 I. & N. Dec. at 897, the Board held that the federal misprision of a felony statute, 18 U.S.C. § 4, was not "an offense relating to obstruction of justice." The latter opinion suggested that § 1101(a)(43)(S) covers crimes which "have as an element interference with the proceedings of a tribunal or require an intent to harm or retaliate against others who cooperate in the process of justice or might otherwise so cooperate." 22 I. & N. Dec. at 892. However, despite a single board member's insistence that this decision was inconsistent with the reasoning of *Batista-Hernandez*, *see Espinoza-Gonzalez*, 22 I. & N. Dec. at 905 (Rosenberg, Board Member, concurring in part and dissenting in part), the Board did not overrule its earlier opinion, *see id.* at 891 (discussing *Batista-Hernandez*); *id.* at 894 (distinguishing *Batista-Hernandez*).

---

[1]18 U.S.C. § 3 provides, in relevant part, that "[w]hoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact."

Moreover, in its decision below, the BIA clarified any apparent tension between these two earlier decisions. It specified that "in *Espinoza-Gonzalez*, we . . . reaffirmed rather than overruled our holding in [*Batista-Hernandez*]." As a result, because Washington's criminal assistance statute contains "substantially the same" elements as 18 U.S.C. § 3, the Board concluded that it qualified as an obstruction-of-justice crime for purposes of the aggravated felony provision. In other words, the BIA's decisions in *Batista-Hernandez* and *Espinoza-Gonzalez* both establish its understanding of § 1101(a)(43)(S).

## II

Because § 1101(a)(43)(S) is part of an immigration statute that the BIA has been entrusted to administer, we must defer to its interpretation of "an offense relating to the obstruction of justice" unless it is unreasonable. *See INS v. Aguirre-Aguirre*, 526 U.S. 415, 424 (1999) (citing *Chevron U.S.A. Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 842 (1984)). The majority does not argue that the BIA's interpretation of § 1101(a)(43)(S) in *Batista-Hernandez* conflicts with unambiguous congressional intent, nor does it claim that its interpretation is unreasonable. Instead, it declines to defer to *Batista-Hernandez* because the opinion did not "define[ ] obstruction of justice and appl[y] that definition to identified elements of 18 U.S.C. § 3," and "merely concludes that violation of 18 U.S.C. § 3 is obstruction of justice without defining the ambiguous term, identifying the elements of the statute of conviction, or applying a definition of obstruction of justice to the statute." Maj. Op. at 6520.

## A

The majority's refusal to defer to the BIA without concluding that its interpretation is either contrary to congressional intent or unreasonable is inexplicable. The BIA is entitled to *Chevron* deference when it interprets a immigration statute in

a precedential opinion. *See, e.g.*, *Fregozo v. Holder*, 576 F.3d 1030, 1034-35 ("If . . . the BIA has interpreted an ambiguous INA statutory term, and rendered its interpretation in a precedential decision intended to carry the force of law, we defer under [*Chevron*] to the BIA's definition so long as it is reasonable.") (9th Cir. 2009); *Marmolejo-Campos v. Holder*, 558 F.3d 903 (9th Cir. 2009) (en banc) ("[T]he Board's precedential orders, which bind third parties, qualify for *Chevron* deference because they are made with a 'lawmaking pretense.' "). In *Batista-Hernandez*, the BIA concluded that "18 U.S.C. § 3 clearly relates to obstruction of justice." 21 I. & N. Dec. at 961. It cites "the wording of 18 U.S.C. § 3" and the D.C. Circuit's reasoning that "the nature of being an accessory after the fact lies essentially in obstructing justice and preventing the arrest of the offender." *Id.* at 961. And there is no dispute that the elements of Washington Revised Code § 9A.76.080 categorically match the elements of 18 U.S.C. § 3. In other words, if *Batista-Hernandez* remains binding, then Hoang's conviction counts as an aggravating felony. While I agree that *Batista-Hernandez*'s discussion of 18 U.S.C. § 3 was brief, it cannot be ignored simply because the majority would have preferred that it be lengthier. If the majority is dissatisfied with the analytical rigor with which the BIA reached its conclusion in *Batista-Hernandez*, it can only express that dissatisfaction by demonstrating that the decision is unreasonable or contrary to unambiguous congressional intent. But the majority cannot simply ignore an opinion because it feels that the BIA's analysis is too brief.

B

Instead of following *Batista-Hernandez*, the majority applies the categorical approach by using *Espinoza-Gonzalez*'s definition of an obstruction-of-justice crime. Maj. Op. at 6515-18. In doing so, the majority not only overlooks our conclusion in *Renteria-Morales* that the "generic federal definition" of an obstruction-of-justice crime under § 1101(a)(43)(S) is determined by the BIA, 551 F.3d at 1086,

but it also, remarkably, applies its own interpretation of the standard articulated *by the BIA* in *Espinoza-Gonzalez*. The weakness in the majority's position is further highlighted by its acknowledgment that "the BIA was correct that *Espinoza-Gonzalez* . . . did not overrule *Batista-Hernandez*." Maj. Op. at 6520. Nonetheless, it maintains that "the BIA now concludes that accessory after the fact is an obstruction of justice crime *when* it interferes with an ongoing proceeding or investigation." Maj. Op. at 6521. In other words, not only has the majority conceded that *Espinoza-Gonzalez* did not overrule *Batista-Hernandez*, but it has also fashioned a definition that, to its own satisfaction, fuses the two together. Although the coexistence of *Espinoza-Gonzalez* and *Batista-Hernandez* might be inelegant or overly complicated, the two decisions *are* compatible and *both* remain entitled to deference unless it is shown that one of them fails one or both of *Chevron*'s two steps.

There is no congressionally articulated federal definition of an obstruction-of-justice crime; we observed as much in *Renteria-Morales*. *See* 557 F.3d at 1086. In order to reach its result, the majority has, in effect, examined two reasonable (and non-contradictory) definitions of the term offered by the BIA and has, by judicial fiat, given legal effect to one and invalidated the other, even though the BIA has explicitly endorsed both. It thereby fails to give adequate deference to the BIA.

### III

I would give deference to the BIA's decision in *Batista-Hernandez*, conclude that 18 U.S.C. § 3 is an "offense relating to the obstruction of justice," and hold that Hoang's conviction under a substantially similar Washington statute therefore constituted a conviction for an aggravated felony under § 1101(a)(43)(S). The majority fails to give appropriate deference to the BIA's decisions and is in tension with our previous holdings. I respectfully dissent.