RAWLINSON, Circuit Judge, dissenting: Jose Valdivia-Flores was convicted of possession with intent to deliver a controlled substance in violation of Wash. Rev. Code § 69.50.401. The majority describes our task as “determin[ing] whether Valdi-via-Flores’ conviction under Wash. Rev. Code § 69.50.401 was for an aggravated felony.” Majority Opinion, p. 1206. Yet, inexplicably, the majority completely fails to address that statute. In determining whether Valdivia-Flores was convicted of an aggraved felony, we compare the state statute of conviction to the generic federal definition of possession with intent to deliver a controlled substance. See Roman-Suaste v. Holder, 766 F.3d 1035, 1038 (9th Cir. 2014). The Immigration and Nationality Act (INA) defines the term “aggravated felony” to include “illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18).” 8 U.S.C. § 1101(a)(43)(B); see also Roman-Suaste, 766 F.3d at 1038. The phrase “drug trafficking crime” supplies the generic federal description of possession of a controlled substance with intent to deliver, defined in pertinent part as “any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.).” 18 U.S.C. § 924(c)(2); see also Roman-Suaste, 766 F.3d at 1038. A “felony” includes an offense for which the maximum term of imprisonment is “more than one year.” 18 U.S.C. § 3559(a)(5); see also Roman-Suaste, 766 F.3d at 1038. Ultimately, “under the plain language of these provisions, a conviction qualifies as an aggravated felony when it is for an offense that the Controlled Substances Act (CSA) makes punishable by more than one year’s .imprisonment.” United States v. Gonzalez-Corn, 807 F.3d 989, 993 (9th Cir. 2015) (citations and internal quotation marks omitted). The pertinent CSA provision in this case, provides: “Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally ... to manufacture, distribute, or dispense, or possess with intent tó manufacture, distribute, or dispense, a controlled substance.” 21 U.S.C. §■ 841(a)(1). The Washington statute underlying Valdivia-Flores’ 1997 conviction, stated in pertinent part: “Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.” Wash. Rev. Code § 69.50.401(a) (1997). Washington’s aiding and abetting statute stated at the time of Valdivia-Flores’ conviction: “A person is an accomplice of another person in the commission of a crime if ... [wjith knowledge that it will promote or facilitate the commission of the crime, he ... [sjolicits, commands, encourages, or requests such other person to commit it; or [ajids or agrees to aid such other person in planning or committing it.” Wash. Rev. Code § 9A.08.020(3)(a)(i)-(ii) (1997). Valdivia-Flores does not vigorously challenge the notion that a drug trafficking offense constitutes an aggravated felony. Rather, he contends that'our categorical analysis should focus on Washington’s aiding and abetting statute, which he argues is implicit in Washington’s drug trafficking statute. Valdivia-Flores relies heavily on the Supreme Court’s decision in Gonzales v. Duenas-Alvarez, 549 U.S. 183, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007). He further contends'that the implicit aiding and abetting liability is ovei’broad and indivisible, The majority goes astray by accepting Valdivia-Flores’ argument. Reliance on Duenas-Alvarez as authority to support focusing our categorical analysis on Washington’s aiding and abetting statute is misplaced. In Duenas-Alvarez, the Supreme Court held that a “theft offense” includes the crime of aiding and abetting a theft offense. 549 U.S. at 189-90, 127 S.Ct. 815. However, the statute at issue provided in pertinent part: Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense. Id. at 187, 127 S.Ct. 815 (quoting Cal. Veh. Code Ann. § 10851(a)) (some emphasis added). Importantly, the language supporting an analysis of aiding and abetting liability came directly from the statute underlying Duenas-Alvarez’s conviction. See id. Thus, the Supreme Court compared Cal. Veh. Code Ann. § 10851(a), the statute of conviction, to the generic definition of a theft offense, consistent with a traditional categorical analysis. See id. at 189-94, 127 S.Ct. 815. The majority compares Washington’s aiding and abetting statute—a statute that Valdivia admitted is a separate statute from the statute of conviction—to the generic definition of aiding and abetting. See Majority Opinion, pp. 1206-09. As the district court observed in United States v. Gonzalez-Altamirano, No. 14CR 750-BEN, 2014 WL 7047636 at *5 (S.D. Cal. Dec. 12, 2014): Defendant ... asks the Court to go beyond the Washington statute of conviction, look at a different statute, find that it impliedly applies to every offense, and find the application of the implication carries the conviction beyond the federal generic drug trafficking offense. To borrow a phrase, this argument requires the sort of theoretical possibility that was cautioned against in Gonzalez v. Duenas-Alvarez.... (citation and internal quotation marks omitted). Tellingly, as in Gonzalez-Altami-rano, the majority cites no precedent skipping over the actual statute of conviction to plug a completely different statute into the Taylor analysis. See 2014 WL 7047636 at *4. Further detracting from the majority’s conclusion, we have explicitly determined that a conviction under Wash. Rev. Code § 69.50.401 qualifies as a conviction for an aggravated felony in a different context. See United States v. Burgos-Ortega, 777 F.3d 1047, 1054-55 (9th Cir.), cert. denied, — U.S. -, 135 S.Ct. 2848, 192 L.Ed.2d 883 (2015) (upholding a sentence enhancement). Unlike the majority, we rejected the argument that the statute was categorically overbroad. See id. It is also worth mentioning that documents in the record relevant to Valdivia-Flores’ conviction leave little doubt that he' was convicted as a principal and not as an accomplice. The information charged Val-divia-Flores with unlawfully and felo-niously possessing with the intent to manufacture or deliver heroin in violation of Wash. Rev.- Code § 69.50.401(a)(1). The Plea Statement signed by Valdivia-Flores contains a handwritten acknowledgment that he was charged with possession of heroin with intent to deliver, stating the elements of-the crime, and describing in his own words that he did “unlawfully possess with intent to deliver Heroin” knowing that it was a controlled substance. In a stipulation of facts provided to the district court, Valdivia-Flores agreed that on August 8, 1997, he suffered a felony conviction for Possession with Intent to Deliver Heroin, in violation of Wash. Rev. Code § 69.50.401(a). Finally, the state court’s judgment and sentence documented that Valdivia-Flores was convicted of Possession with Intent to Deliver Heroin in violation of Wash. Rev. Code' § 69.50.401(a)(1). Noticeably, no evidence in the record refers to Wash. Rev. Code § 9A.08.020 or suggests that Valdivia-Flores was convicted as an accomplice. In my view, the majority has impermis-sibly veered away from the statute of conviction to find overbreadth based on its analysis of a statute that was not part of the prosecution or conviction in this case. Our analysis should have been on the actual statute of conviction, Wash. Rev. Code § 69.50,401, which meets the; definition of an aggravated felony. ■ Indeed, our precedent makes it crystal clear that conviction of aiding and abetting is tantamount to conviction of the underlying offense. See Salazar-Luviano v. Mukasey, 551 F.3d 857, 860 n.2 (9th Cir. 2008) (“Salazar’s aiding and abetting conviction is technically a violation of 18 U.S.C. § -2. That Salazar was convicted of aiding and abetting, however, makes him liable as a principal of the underlying offense.”); see also Ortiz-Magana v. Mukasey, 542 F.3d 653, 659 (9th Cir. 2008) (“[Because] there is no material distinction between an aider and abettor and principals in any jurisdiction of the United States ... aiding and abetting an [offense] is the functional equivalent of personally committing that offense [and] that offense ,... constitutes an aggravated felony.”) (emphasis added). In Sales v. Sessions, 868 F.3d 779, 780 (9th Cir. 2017), we recently considered a conviction for second degree murder under California .law. We noted that it was undisputed that a conviction for second degree murder is an aggravated felony. See id. We then decided that a conviction for aiding and abetting second degree murder “also qualifies as an aggravated felony.” Id. We clarified that “absent a showing that the law has been applied, in some ‘special’ way, a conviction in California for aiding and abetting a removable offense is also a removable offense.” Id. We eschewed the defendants reliance on Due-nas-Alvarez, as we should do in this case because our holding in Duenas-Alvarez does not apply to our Taylor analysis here. See id. In Salazar-Lmiano and in Ortiz-Maga-na, we discerned no reason to delve into the intricacies of the aiding and abetting statutes. Quite the opposite. "As we explained in Salazar-Luviano in. rejecting the government’s attempt to address the elements of the aiding and abetting statute, “[t]he government’s observation that aiding and abetting is a specific intent crime, is beside the point. Aiding and abetting is not a stand-alone offense-one convicted of aiding and abetting is guilty of the underlying substantive offense as if he committed it directly.” 551 F.3d at 862 n.4 (citation, alteration and internal quotation marks omitted). The same is true in this case. Because aiding and abetting is not an offense in and of itself, the majority’s focus on the elements of the Washington aiding and abetting statute is, as we previously noted, “beside the point.” Id. I respectfully dissent.